PROB. 12B
(7/93)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 1 0 2006

at 2 o'clock and ___ min. ___M
SUE BEITIA, CLERK

# United States District Court

## for the

### DISTRICT OF HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: JOSUE CRUZ            Case Number: CR 04-00327HG-01

Name of Sentencing Judicial Officer:   The Honorable Helen Gillmor
                                       Chief U.S. District Judge

Date of Original Sentence: 2/17/2005

Original Offense:   Conspiracy to Possess With Intent to Distribute a Quantity of
                    Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846,
                    a Class C felony

Original Sentence:  Fourteen (14) months imprisonment, to be followed by three
                    (3) years supervised release with the following special conditions:
                    1) That the defendant shall participate in a substance abuse
                    program, which may include drug testing at the discretion and
                    direction of the Probation Office; and 2) That the defendant provide
                    the Probation Office access to any requested financial information.

Type of Supervision: Supervised Release     Date Supervision Commenced: 9/2/2005

## PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

**General Condition:**   *That the defendant shall refrain from any unlawful use of a
controlled substance. The defendant shall submit to one
drug test within 15 days of the commencement of
supervision and at least two drug tests thereafter but no
more than 8 valid drug tests per month during the term of
supervision (mandatory condition).*

Prob 12B
(7/93)

2

# CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. General Condition | The subject's urine specimens submitted on 2/16/2006 and 2/27/2006 tested positive for methamphetamine. |
| 2. Special Condition No. 1 | The subject refused to provide a urine specimen on 2/15/2006. |

The subject began his term of supervised release on 9/2/2005. As a condition of supervision, the subject entered substance abuse treatment and testing at the Drug Addiction Services of Hawaii, Inc. (DASH), Hilo, Hawaii.

On 2/15/2006, the subject failed to appear for urine testing at the DASH. During the evening of 2/15/2006, this officer telephonically contacted the subject and questioned him about his failure to appear for urine testing earlier that same day. The subject reported that he failed to provide a urine specimen because he knew he would test "dirty." The subject explained that on or about 2/13/2006, he smoked crystal methamphetamine. The subject was instructed to provide a urine specimen at DASH on 2/16/2006.

On 2/16/2006, the subject provided a urine specimen at DASH which was presumptively positive for methamphetamine. The specimen was forwarded to Scientific Testing Laboratories (STL) for confirmation testing. On 2/28/2006, STL confirmed that the specimen was positive for methamphetamine.

On 2/26/2006, the subject telephonically contacted this officer and reported that he relapsed again by smoking methamphetamine on or about 2/25/2006. The subject acknowledged that he has a serious drug addiction, and he requested help. Additionally, the subject reported that he spoke with the pastor of his church (The Family Christian Center) and will be meeting with his pastor on a regular basis for spiritual counseling. The subject was instructed to provide a urine specimen at DASH on 2/27/2006.

On 2/27/2006, the subject provided a urine specimen at DASH which was presumptively positive for methamphetamine. The specimen was forwarded to STL for confirmation testing. The results remain outstanding.

On 2/28/2006, this officer contacted the subject's abuse counselor at DASH. The subject's counselor recommended that the subject either continue in weekly individual sessions at DASH or seek entry into the Intensive Outpatient Program at Lokahi Treatment Center in Hilo. He also indicated that the subject's counseling with The Family Christian Center would be beneficial to his recovery.

     Later that same day, this officer contacted Pastor Harlen Callis of The Family Christian Center. Pastor Callis related that the subject has been attending his church on an off and on basis for many years. Additionally, the pastor confirmed that he is aware of the subject's recent drug use, and that he will be meeting with subject on a weekly basis to counsel him. He stated that the subject has a strong spiritual base and that he believes the subject's faith can help him to overcome his addiction.

     Lastly, on 2/28/2006, a representative from the Lokahi Treatment Center confirmed that the subject is scheduled for a substance abuse assessment on 3/14/2006. The subject is seeking entry into their Intensive Outpatient Program (IOP). If the subject is accepted into the Lokahi IOP, he would be required to attend 3-hour counseling sessions, 3 times per week for approximately 16 weeks. Completion of IOP would be followed by 16 weeks of drug aftercare (1 counseling session per week). Additionally, the subject will continue to be randomly drug tested at the highest level of testing.

     Given the subject's desire to address his drug addiction, it is respectfully recommended that the Court take no action on the violations at this time and allow the subject to enter into and complete the Lokahi IOP. Additionally, in light of U.S. vs. Stephens, it is recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition as noted above. The subject has a substantial history of drug abuse that includes smoking marijuana and crystal methamphetamine on a regular basis. The modification of this mandatory condition will provide the Probation Office with the necessary tools to monitor the subject and to protect the community.

     Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date:  3/6/2006


Prob 12B
(7/93)

4

## THE COURT ORDERS:

[✓]  The Modification of Conditions as Noted Above
[ ]  Other

_____
HELEN GILLMOR
Chief U.S. District Judge

_____
3·9·06
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ] To extend the term of supervision for years, for a total term of years.
[X] To modify the conditions of supervision as follows:

*Mandatory Condition:*

*That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition).*

Witness: _____
Brian Hyatt
Drug Addiction Services of Hawaii Counselor

Signed: _____
JOSUE CRUZ
Supervised Releasee

3/2/06
Date