Prob 12C
(Rev. 1/06 D/HI)

**ORIGINAL**

# SEALED BY ORDER OF THE COURT
## United States District Court
### for the
### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 0 7 2006

at __3__ o'clock and __20__ min. __P__ M
SUE BEITIA, CLERK

U.S.A. vs. JOSUE CRUZ                         Docket No. CR 04-00327HG-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

   COMES NOW MARK T. NUGENT, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of JOSUE CRUZ, who was placed on supervision by the Honorable Helen Gillmor, sitting in the Court at Honolulu, Hawaii, on the 17th day of February 2005, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

   1. That the defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

   2. That the defendant provide the Probation Office access to any requested financial information.

   On 3/10/2006, a Request for Modifying the Conditions of Supervision With Consent of the Offender was filed modifying the general conditions of supervision as follows: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition).

   On 4/21/2006, a Request for Modifying the Conditions of Supervision With Consent of the Offender was filed modifying the special conditions of supervision as follows:

   3. The defendant shall participate in mental health counseling at the discretion and direction of the Probation Office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

   That the subject has violated the conditions of his supervised release (Probation Forms 7A, and 12Bs are attached) as follows:

   1. The subject's urine specimens submitted on 2/16/2006 and 2/27/2006 tested positive for methamphetamine, in violation of the General Condition.

2. The subject refused to comply with drug testing on 2/15/2006, 3/30/2006, 8/28/2006, and 8/29/2006, in violation of Special Condition No. 1.

3. The subject admitted to using methamphetamine on or about 3/29/2006 and 8/27/2006, in violation of Special Condition No. 1.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[x] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on 9/1/2006

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

3

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 1st day of September, 2006, and ordered filed and made a part of the records in the above case.

_____
for HELEN GILLMOR
Chief U.S. District Court Judge

Re: **CRUZ, Josue**
    **Criminal No. CR 04-00327HG-01**
    **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The subject began his term of supervised release in Hilo, Hawaii, on 9/2/2005. As a condition of supervision, the subject entered substance abuse treatment and testing at Drug Addiction Services of Hawaii, Inc. (DASH).

On 2/15/2006, the subject failed to appear for urine testing at DASH. During the evening of 2/15/2006, this officer telephonically contacted the subject and questioned him about his failure to appear for urine testing earlier that same day. The subject reported that he failed to provide a urine specimen because he knew he would test "dirty." The subject explained that on or about 2/13/2006, he smoked methamphetamine.

On 2/16/2006, the subject provided a urine specimen at DASH which was presumptively positive for methamphetamine. The specimen was forwarded to Scientific Testing Laboratories, Inc., (STL) for confirmation testing. On 2/28/2006, STL confirmed that the specimen was positive for methamphetamine.

On 2/26/2006, the subject telephonically contacted this officer and reported that he relapsed again by smoking methamphetamine on or about 2/25/2006. The subject acknowledged that he had a serious drug addiction and indicated that he was willing to participate in increased drug treatment.

On 2/27/2006, the subject provided a urine specimen at DASH which was presumptively positive for methamphetamine. The specimen was forwarded to STL for confirmation testing. On 3/10/2006, STL confirmed that the specimen was positive for methamphetamine.

On 3/6/2006, the Court was notified of the subject's relapse and it was recommended that he be allowed to seek entry into an intensive out-patient (IOP) treatment program. Based upon the subject's willingness to enter into IOP treatment, the Court agreed to take no adverse action against the subject.

Despite being given this opportunity, on 3/30/2006, a representative from DASH reported that the subject failed to appear earlier that same day to provide a urine specimen.

During the evening of 3/30/2006, the subject was telephonically contacted and questioned about his failure to provide a urine specimen. The subject claimed that he was busy working and forgot to call the DASH recorder. The subject was instructed to provide a urine specimen on 3/31/2006.

Re:  **CRUZ, Josue**
**Criminal No. CR 04-00327HG-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

On 3/31/2006, the subject provided a urine specimen at DASH which was presumptively positive for methamphetamine. The specimen was forwarded to STL for confirmation testing. Upon being questioned about the urine specimen, the subject admitted that on or about 3/29/2006, he smoke methamphetamine. The subject acknowledged that he had a serious substance abuse problem and indicated that he was willing to enter into a residential drug treatment program.

On 4/13/2006, STL reported that the urine specimen submitted on 3/31/2006 was negative for methamphetamine.

On 4/24/2006, the subject entered into the Big Island Substance Abuse Council residential drug program. On 7/24/2006, the subject was successfully discharged from residential treatment and was transitioned into aftercare treatment. The subject returned home to reside with his mother and grandmother and resumed work as a drywall installer.

However, on 8/28/2006, DASH reported that the subject failed to report for urine testing that same day. This officer telephonically contacted the subject through his employer's cellular phone. Upon questioning the subject about his failure to provide a urine specimen, the subject reported that he was busy and had not called the DASH recorder for several days. However after further questioning, the subject admitted to this officer that on or about 8/27/2006, he smoked "ice." The subject explained that he recently discovered that his girlfriend was pregnant and that she intended to abort the pregnancy. According to the subject, he used "ice" in response to the stress he was experiencing in the relationship. The subject was instructed to report to DASH at 8:00 a.m. on 8/29/2006 to provide a urine specimen and to telephonically contact this officer.

On 8/29/2006, DASH reported that the subject failed to appear to provide a urine specimen. Additionally, the subject failed to contact this officer.

On 8/30/2006, this officer made attempts to telephonically contact the subject at his residence and his employment. The subject's employer reported that he did not appear for work on 8/29/2006 and 8/30/2006 and that he had not called. Additionally, the subject's grandmother reported that she was concerned about the subject as he had not been home since the morning of 8/29/2006.

The subject's whereabouts are currently unknown.

Re: **CRUZ, Josue**
**Criminal No. CR 04-00327HG-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 3**

  Since the onset of supervision, the subject has been given ample opportunity to comply with the terms of his supervision and to address his drug addiction. Despite receiving the benefit of drug treatment at increasing levels of care, the subject has continued to abuse illegal drugs. The subject's actions indicate that he is not able to conform his conduct to comply with the conditions of his supervision and that he poses a risk to the safety of the community. It is recommended that a no bail warrant be issued for his appearance before the Court to show cause why supervised release should not be revoked.

Respectfully submitted by,

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

MTN/dck

Re: **CRUZ, Josue**
**Criminal No. CR 04-00327HG-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 4**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

None.

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To: JOSUE CRUZ
Address: 200 Chong Street
Hilo, Hawaii 96720

Docket No. CR 04-00327HG-01

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of **3 years** commencing upon release from confinement.

While on **supervised release**, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X]  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)  The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)  The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

1) *That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.*

2) *That the defendant provide the Probation Office access to any requested financial information.*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Josue Cruz_   5/17/05
JOSUE CRUZ, Defendant   Date

_____   5/17/05
MARK T. NUGENT   Date
U.S. Probation Officer

PROB. 12B
(7/93)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 1 0 2006

at 3 o'clock and ____ min. ___
SUE BEITIA, CLERK

RECEIVED
U.S. PROBATION OFFICE
HONOLULU, HAWAII

'06 MAR 10 P3:42

# United States District Court

## for the

### DISTRICT OF HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: JOSUE CRUZ              Case Number: CR 04-00327HG-01

Name of Sentencing Judicial Officer:   The Honorable Helen Gillmor
                                       Chief U.S. District Judge

Date of Original Sentence: 2/17/2005

Original Offense:   Conspiracy to Possess With Intent to Distribute a Quantity of
                    Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846,
                    a Class C felony

Original Sentence:  Fourteen (14) months imprisonment, to be followed by three
                    (3) years supervised release with the following special conditions:
                    1) That the defendant shall participate in a substance abuse
                    program, which may include drug testing at the discretion and
                    direction of the Probation Office; and 2) That the defendant provide
                    the Probation Office access to any requested financial information.

Type of Supervision: Supervised Release       Date Supervision Commenced: 9/2/2005

## PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

**General Condition:**   *That the defendant shall refrain from any unlawful use of a
controlled substance. The defendant shall submit to one
drug test within 15 days of the commencement of
supervision and at least two drug tests thereafter but no
more than 8 valid drug tests per month during the term of
supervision (mandatory condition).*

Prob 12B
(7/93)

2

# CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. General Condition | The subject's urine specimens submitted on 2/16/2006 and 2/27/2006 tested positive for methamphetamine. |
| 2. Special Condition No. 1 | The subject refused to provide a urine specimen on 2/15/2006. |

The subject began his term of supervised release on 9/2/2005. As a condition of supervision, the subject entered substance abuse treatment and testing at the Drug Addiction Services of Hawaii, Inc. (DASH), Hilo, Hawaii.

On 2/15/2006, the subject failed to appear for urine testing at the DASH. During the evening of 2/15/2006, this officer telephonically contacted the subject and questioned him about his failure to appear for urine testing earlier that same day. The subject reported that he failed to provide a urine specimen because he knew he would test "dirty." The subject explained that on or about 2/13/2006, he smoked crystal methamphetamine. The subject was instructed to provide a urine specimen at DASH on 2/16/2006.

On 2/16/2006, the subject provided a urine specimen at DASH which was presumptively positive for methamphetamine. The specimen was forwarded to Scientific Testing Laboratories (STL) for confirmation testing. On 2/28/2006, STL confirmed that the specimen was positive for methamphetamine.

On 2/26/2006, the subject telephonically contacted this officer and reported that he relapsed again by smoking methamphetamine on or about 2/25/2006. The subject acknowledged that he has a serious drug addiction, and he requested help. Additionally, the subject reported that he spoke with the pastor of his church (The Family Christian Center) and will be meeting with his pastor on a regular basis for spiritual counseling. The subject was instructed to provide a urine specimen at DASH on 2/27/2006.

On 2/27/2006, the subject provided a urine specimen at DASH which was presumptively positive for methamphetamine. The specimen was forwarded to STL for confirmation testing. The results remain outstanding.

On 2/28/2006, this officer contacted the subject's abuse counselor at DASH. The subject's counselor recommended that the subject either continue in weekly individual sessions at DASH or seek entry into the Intensive Outpatient Program at Lokahi Treatment Center in Hilo. He also indicated that the subject's counseling with The Family Christian Center would be beneficial to his recovery.

Prob 12B
(7/93)

3

  Later that same day, this officer contacted Pastor Harlen Callis of The Family Christian Center. Pastor Callis related that the subject has been attending his church on an off and on basis for many years. Additionally, the pastor confirmed that he is aware of the subject's recent drug use, and that he will be meeting with subject on a weekly basis to counsel him. He stated that the subject has a strong spiritual base and that he believes the subject's faith can help him to overcome his addiction.

  Lastly, on 2/28/2006, a representative from the Lokahi Treatment Center confirmed that the subject is scheduled for a substance abuse assessment on 3/14/2006. The subject is seeking entry into their Intensive Outpatient Program (IOP). If the subject is accepted into the Lokahi IOP, he would be required to attend 3-hour counseling sessions, 3 times per week for approximately 16 weeks. Completion of IOP would be followed by 16 weeks of drug aftercare (1 counseling session per week). Additionally, the subject will continue to be randomly drug tested at the highest level of testing.

  Given the subject's desire to address his drug addiction, it is respectfully recommended that the Court take no action on the violations at this time and allow the subject to enter into and complete the Lokahi IOP. Additionally, in light of U.S. vs. Stephens, it is recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition as noted above. The subject has a substantial history of drug abuse that includes smoking marijuana and crystal methamphetamine on a regular basis. The modification of this mandatory condition will provide the Probation Office with the necessary tools to monitor the subject and to protect the community.

  Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 3/6/2006

Prob 12B
(7/93)

4

THE COURT ORDERS:

[✓]    The Modification of Conditions as Noted Above
[ ]    Other

_____
HELEN GILLMOR
Chief U.S. District Judge

_____3·9·06_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

　　　　I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

　　　　I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]　　To extend the term of supervision for　years, for a total term of　years.
[X]　　To modify the conditions of supervision as follows:

　　　　*Mandatory Condition:*

　　　　*That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition).*

Witness: _____　　　　　Signed: _____
　　Brian Hyatt　　　　　　　　　　　　　　　　　　　　JOSUE CRUZ
Drug Addiction Services of Hawaii Counselor　　　　　Supervised Releasee

　　　　　　　　　　3/2/06
　　　　　　　　　　Date

PROB. 12B
(7/93)

# United States District Court

## for the

### DISTRICT OF HAWAII

'06 APR 21 P4:14

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 21 2006

at ____ o'clock and ____ min. ____ M
SUE BEITIA, CLERK

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: JOSUE CRUZ              Case Number: CR 04-00327HG-01

Name of Sentencing Judicial Officer:   The Honorable Helen Gillmor
                                       Chief U.S. District Judge

Date of Original Sentence: 2/17/2005

Original Offense:   Conspiracy to Possess With Intent to Distribute a Quantity of
                    Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846,
                    a Class C felony

Original Sentence:  Fourteen (14) months imprisonment, to be followed by three
                    (3) years supervised release with the following special conditions:
                    1) That the defendant shall participate in a substance abuse
                    program, which may include drug testing at the discretion and
                    direction of the Probation Office; and 2) That the defendant provide
                    the Probation Office access to any requested financial information.

Modified Sentence:  On 3/9/2006, a Request for Modifying the Conditions of
                    Supervision With Consent of the Offender was filed modifying the
                    general conditions of supervision as follows:  That the defendant
                    shall refrain from any unlawful use of a controlled substance.
                    The defendant shall submit to one drug test within 15 days of the
                    commencement of supervision and at least two drug tests
                    thereafter but no more than 8 valid drug tests per month during the
                    term of supervision (mandatory condition).

Type of Supervision: Supervised Release        Date Supervision Commenced: 9/2/2005

## PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

Prob 12B
(7/93)

2

| Special Condition No. 3 | That the defendant shall participate in mental health counseling at the discretion and direction of the Probation Office. |

## CAUSE

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1.  General Condition | The subject admitted to using methamphetamine on or about 3/29/2006. |
| 2.  Special Condition No. 2 | The subject refused to comply with drug testing on 3/30/2006. |

The subject began his term of supervised release on 9/2/2005. As a condition of supervision, the subject entered the drug aftercare and testing program at the Drug Addiction Services of Hawaii, Inc. (DASH), Hilo, Hawaii.

On 3/6/2006, the Court was notified by way of a Probation Form 12B Request to Modify the Conditions of Supervision that the subject tested positive for methamphetamine on two occasions in February. Based upon the subject's desire to address his drug addiction, the Court agreed to take no adverse action and allow the subject to enter into the Lokahi Intensive Out Patient (IOP) program.

This report concerns the following:

On 3/30/2006, a representative from DASH reported that the subject failed to appear earlier that same day to provide a urine specimen.

During the evening of 3/30/2006, the subject was telephonically contacted and questioned about his failure to provide a urine specimen. The subject claimed that he was busy working and forgot to call the DASH recorder. The subject was instructed to provide a urine specimen on 3/31/2006.

On 3/31/2006, the subject provided a urine specimen at DASH which was presumptively positive for methamphetamine. The specimen was forwarded to Scientific Testing Laboratories (STL) for confirmation testing. Upon being questioned about the positive urine specimen the subject admitted that a couple of days prior to 3/31/2006, he smoked methamphetamine. The subject acknowledged that he has a serious substance abuse problem and indicated that he was willing to enter into a residential drug treatment program.

Prob 12B
(7/93)

3

On 3/31/2006, upon being telephonically contacted, the subject's substance abuse counselor recommended that the subject enter into residential drug treatment at the Big Island Substance Abuse Council (BISAC) Therapeutic Living Program (TLP). Additionally, the subject's counselor indicated that the subject may be suffering from depression and may benefit from mental health counseling.

On 4/13/2006, STL reported that the urine specimen submitted on 3/31/2006 was negative for methamphetamine.

On 4/13/2006, a representative from BISAC confirmed that the subject has been accepted and is scheduled to enter into the TLP program on or about Friday, 4/21/2006. The subject will remain in residential treatment for 3 months to be followed by 6 months of aftercare.

Given the subject's desire to address both his drug and mental health problems, it is respectfully recommended that the Court take no action on the violations at this time and allow the subject to participate in the BISAC TLP residential program and obtain mental health counseling. The subject will be referred to a mental health counselor for psychotherapy sessions.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 4/19/2006

Prob 12B
(7/93)

4

THE COURT ORDERS:

[✓]   The Modification of Conditions as Noted Above
[ ]   Other

_____
HELEN GILLMOR
Chief U.S. District Judge

_____4·20·06_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]  To extend the term of supervision for years, for a total term of years.
[X]  To modify the conditions of supervision as follows:

  3    That the defendant shall participate in mental health counseling at the discretion and direction of the Probation Office

Witness: _____          Signed: _____
         BRIAN HYATT                              JOSUE CRUZ
Drug Addiction Services of Hawaii Counselor       Supervised Releasee

                   04/13/06
                   Date

RECEIVED '06 APR 19 A9:30 U.S. PROBATION OFFICE HONOLULU, HAWAII

mr