Prob 12C
(Rev. 1/06 D/HI)

ORIGINAL SEALED

BY ORDER OF THE COURT

# SEALED BY ORDER OF THE COURT

## United States District Court

### for the

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

### DISTRICT OF HAWAII

NOV 09, 2007

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

U.S.A. vs. JOSUE CRUZ_____  Docket No. CR 04-00327HG-01

## REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW KEVIN S. TERUYA, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of JOSUE CRUZ, who was placed on supervision by the Honorable Helen Gillmor, sitting in the Court at Honolulu, Hawaii, on the 17th day of February 2005, who fixed the period of supervision at three (3) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1.  That the defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2.  That the defendant provide the Probation Office access to any requested financial information.

**Modification**: On 3/10/2006, a Request for Modifying the Conditions of Supervision With Consent of the Offender was filed and modified the general condition of supervision as follows:

General Condition:  That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition).

**Modification**: On 4/21/2006, a Request for Modifying the Conditions of Supervision With Consent of the Offender was filed and modified the special conditions of supervision as follows:

3.  That the defendant shall participate in mental health counseling at the discretion and direction of the Probation Office.

Prob 12C
(Rev. 1/06 D/HI)

**Revocation**: On 12/13/2006, supervised release was revoked for the following violations: 1) urine specimens submitted on 2/16/2006 and 2/27/2006 tested positive for methamphetamine; 2) refused to comply with drug testing on 2/15/2006, 3/30/2006, 8/28/2006, and 8/29/2006; and 3) admitted to using methamphetamine on or about 3/29/2006 and 8/27/2006. The defendant was sentenced to 9 months imprisonment and 27 months supervised release, with the following special conditions:

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

3. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the offender has violated the conditions of his supervised release (Probation Forms 7A and 12B and Judgment are attached) as follows:

1. The offender refused to submit to drug testing that was part of his substance abuse treatment regimen at the Drug Addiction Services of Hawaii, Inc. (DASH), on 9/18/2007, 10/19/2007, 10/23/2007, and 11/1/2007, in violation of Special Condition No. 1.

2. The offender admitted that he possessed and used methamphetamine on or about 9/14/2007 through 9/16/2007, in violation of Standard Condition No. 7.

3. The offender's 9/21/2007 non-treatment urine specimen tested positive for methamphetamine, cocaine and THC, in violation of the General Condition.

4. The offender failed to follow the Probation Officer's 10/29/2007 instructions to comply with his substance abuse treatment regimen at DASH, in violation of Standard Condition No. 3.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the offender be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)

3

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the offender be brought before the Court to
    show cause why supervision should not be revoked.  The NO BAIL Warrant and this Petition
    to be sealed for other than law enforcement purposes and until such time that the offender has
    been arrested and the warrant duly executed.

[ ] Other

                I declare under penalty of perjury that the foregoing is true and correct

                        Executed on  11/5/2007


                        _____
                        KEVIN S. TERUYA
                        U.S. Probation Officer


Approved by:


_____    Deren M. Kim
GENE DeMELLO, JR.
Supervising U.S. Probation Officer


---

## ORDER OF COURT

        THE COURT ORDERS the issuance of a NO BAIL Warrant and that the offender be
brought before the Court to show cause why supervision should not be revoked.  The NO BAIL
Warrant and this Petition to be sealed for other than law enforcement purposes and until such
time that the offender has been arrested and the warrant duly executed.

        Considered and ordered this 5th day of November, 2007, and ordered filed and made a
part of the records in the above case.


                        _____
                        HELEN GILLMOR
                        Chief U.S. District Judge

Re:    **CRUZ, Josue**
       **Criminal No. CR 04-00327HG-01**
       **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The offender pled guilty to a single-Count Information:  Conspiracy to Possess With Intent to Distribute a Quantity of Methamphetamine, a Class C felony.  On 2/17/2005, he was sentenced to fourteen (14) months of imprisonment and three (3) years of supervised release with the special conditions noted in the petition.  His first term of supervised release began on 9/2/2005.  The offender's Conditions of Supervision were modified by this Court on 3/10/2006 and 4/21/2006, as noted in the petition.  On 12/13/2006, the offender appeared before the Court pursuant to a hearing on an order to show cause why supervised release should not be revoked.  At the hearing, the offender admitted to the violations noted in the petition.  The Court revoked the offender's supervised release and imposed nine (9) months of imprisonment and twenty-seven (27) months of supervised release with the special conditions noted in the petition.

The offender began his second term of supervised release in Hilo, Hawaii, on 9/7/2007. Since his release, the offender has taken up residence with his mother and grandmother at 200 Chong Street, Hilo, Hawaii.  The offender has also enrolled in classes to become a Certified Substance Abuse Counselor (CSAC) and works part-time as the job market permits. As a special condition of supervised release, the offender entered into substance abuse treatment and testing at the Drug Addiction Services of Hawaii, Inc. (DASH), in Hilo, Hawaii. The offender's adjustment to substance abuse treatment and testing, however, can only be characterized as poor, as set forth below.

**Violation No. 1 - Refused to Submit to Drug Testing as Part of Substance Abuse Treatment Regimen on 9/18/2007, 10/19/2007, 10/23/2007, and 11/1/2007; Violation No. 2 - Admitted to Possessing and Using Methamphetamine on or about 9/14/2007 through 9/16/2007; Violation No. 3 - Non-Treatment Urine Specimen of 9/21/2007 Tested Positive for Methamphetamine; and Violation No. 4 - Failed to Follow Probation Officer's 10/29/2007 Instructions:**

On 9/18/2007, the offender failed to report for drug testing at DASH (**Violation No. 1**). Telephone calls to the offender's residence went unanswered.  On 9/20/2007, this officer was able to contact the offender and instruct him to meet this officer at the Hilo Prosecutor's Office. Subsequently, the offender admitted to the possession and use of methamphetamine on or about the weekend of 9/14/2007 to 9/16/2007 (**Violation No. 2**).  The offender related that he had gone looking for some stolen property and had met up with "old friends" which led to his relapse.  The offender appeared remorseful for his actions and was admonished by this officer.  Given the offender's prior substance abuse history, the offender was immediately placed in the most restrictive substance abuse treatment and testing phase at DASH pending a decision as to placement in a higher level of treatment.  The offender was also instructed to submit a urine specimen at DASH the next day.

Re:  **CRUZ, Josue**
     **Criminal No. CR 04-00327HG-01**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 2**

On 9/21/2007, the offender provided a urine specimen at DASH which tested positive for methamphetamine, THC, and cocaine with a non-instrumented drug testing device (NIDTD).  Because positive results with the NIDTD kits are considered "presumptive positive results," urine specimens are sent to Kroll Laboratory Specialists, Inc. (Kroll), for confirmation testing.  On 10/1/2007, Kroll confirmed that the specimen was positive for methamphetamine, THC, and cocaine (**Violation No. 3**).

While looking into an appropriate substance abuse treatment placement off-island, the offender failed to appear for urine testing at DASH on 10/19/2007 and 10/23/2007 (**Violation No. 1**).  Calls and unannounced visits to the offender's residence yielded no results; however, information from the offender's mother and grandmother indicated that the offender still resided there.  Contemporaneously, this officer received information from a third party that the offender might require the services of a dual-diagnosis mental health/substance abuse treatment program due to issues related to the offender's past history as a youth.

On 10/28/2007, the offender called this officer and indicated that he was at home.  This officer met with the offender and brought up the issue of a dual-diagnosis treatment program and the benefits it might have for the offender.  The offender corroborated information provided by the third party and indicated that he would likely benefit from a dual-diagnosis program such as Po`ailani on Oahu.

On 10/29/2007, the offender was reminded and instructed by this officer to continue his compliance with Court-ordered substance abuse treatment and testing at DASH, pending possible placement at Po`ailani.  The offender acknowledged the instruction in the affirmative.

On 11/1/2007, the offender failed to appear for urine testing at DASH (**Violation Nos. 1 and 4**).  The offender was not contacted regrading the violation.

Since the onset of supervision, the offender has been given ample opportunity to comply with the terms of supervision and to address his drug addiction.  Despite receiving the benefit of drug treatment at increasing levels of care in the past, the offender has continued to abuse illegal drugs.  The offender's actions indicate that he is not able to conform his conduct to comply with the conditions of his supervision and that he poses a risk to the

Re:   **CRUZ, Josue**
      **Criminal No. CR 04-00327HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**


safety of the community.  It is recommended that a No Bail warrant be issued for his appearance before the Court to show cause why supervised release should not be revoked.

Respectfully submitted by,

_____
KEVIN S. TERUYA
U.S. Probation Officer


Approved by:

_____  *Steven M. Kim*
GENE DeMELLO, JR.
Supervising U.S. Probation Officer

KST/pts

Re:     **CRUZ, Josue**
        **Criminal No. CR 04-00327HG-01**
        **REVOCATION OF SUPERVISED RELEASE**
        **STATEMENT OF FACTS - Page 4**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any other special conditions that warrant consideration at this time.

PROB 7A
(Rev. 9/00; D/HI 7/02)

Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

### FOR THE

## DISTRICT OF HAWAII

To:      JOSUE CRUZ                                     Docket No.  CR 04-00327HG-01
Address:  200 Chong Street
          Hilo, Hawaii  96720


Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 3 years commencing upon release from confinement.

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X ]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]      The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.


**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)     The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)     The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)     The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)     The defendant shall support his or her dependents and meet other family responsibilities;

(5)     The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)     The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)     The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)     The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)     The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

1)      *That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.*

2)      *That the defendant provide the Probation Office access to any requested financial information.*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.


(Signed) _____                    5/17/05
                JOSUE CRUZ, Defendant                               Date


         _____                    5/17/05
                MARK T. NUGENT                                      Date
                U.S. Probation Officer

PROB. 12B
(7/93)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# United States District Court

RECEIVED
U.S. PROBATION OFFICE.
HONOLULU, HAWAII    **for the**

MAR 1 0 2005

at 3 o'clock and ✓ min. 2
SUE BEITIA, CLERK

'06 MAR 10 P3:42    **DISTRICT OF HAWAII**

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  JOSUE CRUZ          Case Number:  CR 04-00327HG-01

Name of Sentencing Judicial Officer:   The Honorable Helen Gillmor
                                        Chief U.S. District Judge

Date of Original Sentence:  2/17/2005

Original Offense:   Conspiracy to Possess With Intent to Distribute a Quantity of
                    Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846,
                    a Class C felony

Original Sentence:  Fourteen (14) months imprisonment, to be followed by three
                    (3) years supervised release with the following special conditions:
                    1) That the defendant shall participate in a substance abuse
                    program, which may include drug testing at the discretion and
                    direction of the Probation Office; and 2) That the defendant provide
                    the Probation Office access to any requested financial information.

Type of Supervision:  Supervised Release     Date Supervision Commenced:  9/2/2005

## PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

**General Condition:**        *That the defendant shall refrain from any unlawful use of a
                              controlled substance. The defendant shall submit to one
                              drug test within 15 days of the commencement of
                              supervision and at least two drug tests thereafter but no
                              more than 8 valid drug tests per month during the term of
                              supervision (mandatory condition).*

Prob 12B
(7/93)

2

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1.  General Condition | The subject's urine specimens submitted on 2/16/2006 and 2/27/2006 tested positive for methamphetamine. |
| 2.  Special Condition No. 1 | The subject refused to provide a urine specimen on 2/15/2006. |

The subject began his term of supervised release on 9/2/2005. As a condition of supervision, the subject entered substance abuse treatment and testing at the Drug Addiction Services of Hawaii, Inc. (DASH), Hilo, Hawaii.

On 2/15/2006, the subject failed to appear for urine testing at the DASH. During the evening of 2/15/2006, this officer telephonically contacted the subject and questioned him about his failure to appear for urine testing earlier that same day. The subject reported that he failed to provide a urine specimen because he knew he would test "dirty." The subject explained that on or about 2/13/2006, he smoked crystal methamphetamine. The subject was instructed to provide a urine specimen at DASH on 2/16/2006.

On 2/16/2006, the subject provided a urine specimen at DASH which was presumptively positive for methamphetamine. The specimen was forwarded to Scientific Testing Laboratories (STL) for confirmation testing. On 2/28/2006, STL confirmed that the specimen was positive for methamphetamine.

On 2/26/2006, the subject telephonically contacted this officer and reported that he relapsed again by smoking methamphetamine on or about 2/25/2006. The subject acknowledged that he has a serious drug addiction, and he requested help. Additionally, the subject reported that he spoke with the pastor of his church (The Family Christian Center) and will be meeting with his pastor on a regular basis for spiritual counseling. The subject was instructed to provide a urine specimen at DASH on 2/27/2006.

On 2/27/2006, the subject provided a urine specimen at DASH which was presumptively positive for methamphetamine. The specimen was forwarded to STL for confirmation testing. The results remain outstanding.

On 2/28/2006, this officer contacted the subject's abuse counselor at DASH. The subject's counselor recommended that the subject either continue in weekly individual sessions at DASH or seek entry into the Intensive Outpatient Program at Lokahi Treatment Center in Hilo. He also indicated that the subject's counseling with The Family Christian Center would be beneficial to his recovery.

Prob 12B
(7/93)

3

Later that same day, this officer contacted Pastor Harlen Callis of The Family Christian Center. Pastor Callis related that the subject has been attending his church on an off and on basis for many years. Additionally, the pastor confirmed that he is aware of the subject's recent drug use, and that he will be meeting with subject on a weekly basis to counsel him. He stated that the subject has a strong spiritual base and that he believes the subject's faith can help him to overcome his addiction.

Lastly, on 2/28/2006, a representative from the Lokahi Treatment Center confirmed that the subject is scheduled for a substance abuse assessment on 3/14/2006. The subject is seeking entry into their Intensive Outpatient Program (IOP). If the subject is accepted into the Lokahi IOP, he would be required to attend 3-hour counseling sessions, 3 times per week for approximately 16 weeks. Completion of IOP would be followed by 16 weeks of drug aftercare (1 counseling session per week). Additionally, the subject will continue to be randomly drug tested at the highest level of testing.

Given the subject's desire to address his drug addiction, it is respectfully recommended that the Court take no action on the violations at this time and allow the subject to enter into and complete the Lokahi IOP. Additionally, in light of U.S. vs. Stephens, it is recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition as noted above. The subject has a substantial history of drug abuse that includes smoking marijuana and crystal methamphetamine on a regular basis. The modification of this mandatory condition will provide the Probation Office with the necessary tools to monitor the subject and to protect the community.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 3/6/2006

Prob 12B
(7/93)

4

THE COURT ORDERS:

[✓]   The Modification of Conditions as Noted Above
[  ]   Other

HELEN GILLMOR
Chief U.S. District Judge

3 . 9 . 06
Date

03/07/2006 TUE 7:20 FAX 808 934 9360 Drug Addiction Svc.Hi.                    ☑001/001
03/01/2006 16:13 FAX                                    → DASH HILO    ☑002/002

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]    To extend the term of supervision for years, for a total term of years.
[ X ]  To modify the conditions of supervision as follows:

*Mandatory Condition:*

*That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition).*

Witness: _____          Signed: _____
              Brian Hyatt                                    JOSUE CRUZ
Drug Addiction Services of Hawaii Counselor              Supervised Releasee

                          3/2/06
                          Date

PROB. 12B
(7/93)

# United States District Court

### for the

'06  APR 21  P 4 :14

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 2 1 2006

at _____ o'clock and _____ min._____ M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
#### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  JOSUE CRUZ          Case Number:  CR 04-00327HG-01

Name of Sentencing Judicial Officer:  The Honorable Helen Gillmor
                                        Chief U.S. District Judge

Date of Original Sentence:  2/17/2005

Original Offense:    Conspiracy to Possess With Intent to Distribute a Quantity of
                     Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846,
                     a Class C felony

Original Sentence:   Fourteen (14) months imprisonment, to be followed by three
                     (3) years supervised release with the following special conditions:
                     1) That the defendant shall participate in a substance abuse
                     program, which may include drug testing at the discretion and
                     direction of the Probation Office; and 2) That the defendant provide
                     the Probation Office access to any requested financial information.

Modified Sentence:   On 3/9/2006, a Request for Modifying the Conditions of
                     Supervision With Consent of the Offender was filed modifying the
                     general conditions of supervision as follows:  That the defendant
                     shall refrain from any unlawful use of a controlled substance.
                     The defendant shall submit to one drug test within 15 days of the
                     commencement of supervision and at least two drug tests
                     thereafter but no more than 8 valid drug tests per month during the
                     term of supervision (mandatory condition).

Type of Supervision:  Supervised Release      Date Supervision Commenced:  9/2/2005

## PETITIONING THE COURT

[✓]      To modify the conditions of supervision as follows:

Prob 12B
(7/93)

| Special Condition No. 3 | That the defendant shall participate in mental health counseling at the discretion and direction of the Probation Office. |

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. General Condition | The subject admitted to using methamphetamine on or about 3/29/2006. |
| 2. Special Condition No. 2 | The subject refused to comply with drug testing on 3/30/2006. |

The subject began his term of supervised release on 9/2/2005. As a condition of supervision, the subject entered the drug aftercare and testing program at the Drug Addiction Services of Hawaii, Inc. (DASH), Hilo, Hawaii.

On 3/6/2006, the Court was notified by way of a Probation Form 12B Request to Modify the Conditions of Supervision that the subject tested positive for methamphetamine on two occasions in February. Based upon the subject's desire to address his drug addiction, the Court agreed to take no adverse action and allow the subject to enter into the Lokahi Intensive Out Patient (IOP) program.

This report concerns the following:

On 3/30/2006, a representative from DASH reported that the subject failed to appear earlier that same day to provide a urine specimen.

During the evening of 3/30/2006, the subject was telephonically contacted and questioned about his failure to provide a urine specimen. The subject claimed that he was busy working and forgot to call the DASH recorder. The subject was instructed to provide a urine specimen on 3/31/2006.

On 3/31/2006, the subject provided a urine specimen at DASH which was presumptively positive for methamphetamine. The specimen was forwarded to Scientific Testing Laboratories (STL) for confirmation testing. Upon being questioned about the positive urine specimen the subject admitted that a couple of days prior to 3/31/2006, he smoked methamphetamine. The subject acknowledged that he has a serious substance abuse problem and indicated that he was willing to enter into a residential drug treatment program.

Prob 12B
(7/93)

3

On 3/31/2006, upon being telephonically contacted, the subject's substance abuse counselor recommended that the subject enter into residential drug treatment at the Big Island Substance Abuse Council (BISAC) Therapeutic Living Program (TLP). Additionally, the subject's counselor indicated that the subject may be suffering from depression and may benefit from mental health counseling.

On 4/13/2006, STL reported that the urine specimen submitted on 3/31/2006 was negative for methamphetamine.

On 4/13/2006, a representative from BISAC confirmed that the subject has been accepted and is scheduled to enter into the TLP program on or about Friday, 4/21/2006. The subject will remain in residential treatment for 3 months to be followed by 6 months of aftercare.

Given the subject's desire to address both his drug and mental health problems, it is respectfully recommended that the Court take no action on the violations at this time and allow the subject to participate in the BISAC TLP residential program and obtain mental health counseling. The subject will be referred to a mental health counselor for psychotherapy sessions.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 4/19/2006

Prob 12B
(7/93)

4

THE COURT ORDERS:

[✓]   The Modification of Conditions as Noted Above
[ ]   Other

HELEN GILLMOR
Chief U.S. District Judge

4·20·06
Date

04/19/2006 WED 9:05 FAX 808 934 9360 Drug Addiction Svc.Hi.    ☑001/001
04/13/2006 09:43 FAX    → DASH HILO    ☑002/002

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]    To extend the term of supervision for  years, for a total term of  years.
[ X ]  To modify the conditions of supervision as follows:

3    *That the defendant shall participate in mental health counseling at the discretion and direction of the Probation Office*

Witness: _____    Signed: _____
BRIAN HYATT                                       JOSUE CRUZ
Drug Addiction Services of Hawaii Counselor         Supervised Releasee

_____
04/13/06
Date

RECEIVED
'06 APR 19 A9·30
U S. PROBATION OFFICE
HONOLULU, HAWAII

mr

AO 245D   (Rev. 12/03)  Sheet 1 - Judgment in a Criminal Case for Revocation

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 15 2006

# United States District Court
## District of Hawaii

at __4__ o'clock and __00__ min __P__ M
SUE BEITIA, CLERK

UNITED STATES OF AMERICA
v.
**JOSUE CRUZ**
(Defendant's Name)

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)

Criminal Number:   <u>1:04CR00327-001</u>
USM Number:   90884-022
Jack F. Schweigert, Esq.
Defendant's Attorney

## THE DEFENDANT:

[✔]   admitted guilt to violation of General Condition and Special Condition 1 of the term of supervision.
[ ]   was found in violation of condition(s) _____ after denial or guilt.

| <u>Violation Number</u> | <u>Nature of Violation</u> | **Date Violation Occurred** |
| --- | --- | --- |
| See next page. | | |

    The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

    It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.:   <u>0589</u>

Defendant's Residence Address:
**Hilo, HI 96720**

Defendant's Mailing Address:
**Hilo, HI 96720**

December 13, 2006
Date of Imposition of Sentence

Signature of Judicial Officer

**HELEN GILLMOR**, Chief United States District Judge
Name & Title of Judicial Officer

12·15·06
Date

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet I

| | | |
|---|---|---|
| CASE NUMBER: | 1:04CR00327-001 | Judgment - Page 2 of 5 |
| DEFENDANT: | JOSUE CRUZ | |

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | The subject's urine specimens submitted on 2/16/2006 and 2/27/2006 tested positive for methamphetamine | |
| 2 | The subject refused to comply with drug testing on 2/15/2006, 3/30/2006, 8/28/2006 and 8/29/2006 | |
| 3 | The subject admitted to using methamphetamine on or about 3/29/2006 and 8/27/2006 | |

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
            Sheet 2 - Imprisonment

CASE NUMBER:       1:04CR00327-001                                    Judgment - Page 3 of 5
DEFENDANT:         JOSUE CRUZ

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 9 MONTHS

[ ]    The court makes the following recommendations to the Bureau of Prisons:

[✔]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ] at ____ on ____.
       [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ] before _ on ____.
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


                                          _____
                                                    UNITED STATES MARSHAL


                                  By      _____
                                                    Deputy U.S. Marshal

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
Sheet 3 - Supervised Release

CASE NUMBER:       1:04CR00327-001                                    Judgment - Page 4 of 5
DEFENDANT:         JOSUE CRUZ

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 27 MONTHS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

That the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement on supervision and at least two periodic drug tests thereafter, but not more than 8 valid drug tests per month during the term of supervised release.

[ ]    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✔]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without permission of the court or probation officer;
2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)    the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)    the defendant shall support his or her dependants and meet other family responsibilities;
5)    the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)    the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 6/05) Judgment in a Criminal Case
            Sheet 3 - Supervised Release

CASE NUMBER:      1:04CR00327-001                              Judgment - Page 5 of 5
DEFENDANT:        JOSUE CRUZ

## SPECIAL CONDITIONS OF SUPERVISION

1.  That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2.  That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

3.  That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.